

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2002

# USA v. Jawed

Precedential or Non-Precedential:

Docket 99-1287

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Jawed" (2002). *2002 Decisions.* Paper 63.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/63

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 99-1287
_____

UNITED STATES OF AMERICA

v.

TARIQ JAWED
aka "TONY"

Tariq Jawed,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 96-cr-00192-3)
District Judge: Honorable J. Curtis Joyner
_____

Argued January 17, 2002

Before: RENDELL, FUENTES and MAGILL*, Circuit Judges,

(Filed     January 30, 2002)
_____

Kimberly M. Guadagno, Esq. [ARGUED]
14 Riverview Road
Monmouth Beach, NJ 07750
  Counsel for Appellant

_____

* Honorable Frank J. Magill, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Robert E. Goldman, Esq.    [ARGUED]
Michael A. Schwartz, Esq.
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA 19106
  Counsel for Appellee

_____

MEMORANDUM OPINION
_____

RENDELL, Circuit Judge.

Tariq Jawed takes this appeal from the District Court's denial of his habeas corpus petition. He argues that the government breached its plea agreement with him by failing to oppose his deportation to Pakistan and/or to undertake a threat assessment that might result in a request for admission to the Witness Security Program. The relevant provision of the plea agreement reads:

> If, as a result of the defendant's cooperation, the government in its sole discretion determines that the safety of the defendant and his immediate family is seriously threatened, the government agrees to apply to the United States Marshals Service for the defendant and his immediate family to be admitted into the Witness Security Program.

Plea agreement at 8.

We note at the outset that the government challenges whether Jawed raised this issue below. Although we granted a certificate of appealability with respect to whether the government breached the plea agreement, the record reveals that Jawed's habeas petition did not contain a specific claim relating to the enforcement of a provision of the plea agreement. Rather, this argument was clearly set forth only in a reply to the government's response in opposition to his motion, filed in March 1999, concededly beyond the relevant filing deadline.

Nonetheless, Jawed did state in his petition that he and his family would be threatened in Pakistan because of his cooperation with the United States government and that the inclusion of witness protection language in the plea agreement was evidence of the risks he faced in Pakistan. Although he sought different relief there, we apply liberal standards to this pro se submission and will consider the issue to have been sufficiently raised. See, e.g., United States v. Garth, 188 F.3d 99, 108 (3d Cir. 1999).

Jawed's first argument that the government breached the agreement by failing to oppose his deportation to Pakistan is without merit. There is an INS detainer charging possible deportation in the record. But this provision of the plea agreement does not promise that the government will seek relief from Jawed's deportation, or that Jawed will not be deported.

The agreement does promise, however, that if the government determines that defendant's safety is "seriously threatened," the government will request that he and his family be admitted into the Witness Security Program. But Jawed has made no showing that there has been any breach of the agreement. Jawed is currently in custody and his release and deportation will not occur until, at the earliest, 2004. In fact, in his briefing, he notes that the government met with him in June 2001 to "begin an assessment of threats to his safety." We can find in the record no specific end to the threat assessment, and, for all we know, it is ongoing. Jawed himself notes that "to date, the government has not kept that promise." In sum, Jawed has offered insufficient evidence that the government will not abide by this provision and carry out this promise in the future.

In its brief, the government indicates that Jawed is presenting a "premature challenge to his future deportation" and that, in lieu of challenging his conviction or sentence, he should seek relief from the INS as part of the removal proceeding that will be initiated against him if, in fact, the government has not acted in accordance with the agreement at the time that he is released and, therefore, potentially unsafe. We agree.

We conclude that the District Court did not err in refusing to afford relief to Jawed. Accordingly, we will AFFIRM.

_____

TO THE CLERK OF COURT:

    Please file the foregoing memorandum opinion.


                         `        /s/ Marjorie
O. Rendell

                                    Circuit Judge


Dated: January 30, 2002